# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVAN LEE MATTHEWS,<br><br>    Plaintiff,<br><br>  v.<br><br>K. HOLLAND,<br><br>    Defendant.<br>_____ / | Case No. 1:14-cv-01959-SKO (PC)<br><br>ORDER THAT DEFENDANT'S MOTION TO DISMISS THE COMPLAINT BE GRANTED WITHOUT PREJUDICE<br><br>ORDER THAT PLAINTIFF FILE AN AMENDED COMPLAINT WITHIN 30 DAYS OF SERVICE OF THIS ORDER<br><br>(Doc. 15) |

## I.   INTRODUCTION

Plaintiff Ivan Matthews, a state prisoner proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983 on December 10, 2014.  This action is proceeding on Plaintiff's complaint against Defendant Kim Holland, Warden at California Correctional Institution ("CCI"), for violation of the Eight Amendment.  (Doc. 1 (Complaint).)

On December 29, 2015, Defendant filed a motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  (Doc. 15.)  Plaintiff filed his opposition on January 19, 2016[1], and Defendant filed a reply on January 22, 2016.  (Docs. 17; 19.)  Defendant's motion to dismiss was submitted on the record without oral argument pursuant to Local Rule 230(*l*).

---

[1]   Plaintiff titled his filing "Summary Judgment/Opposition to Defendant's Motion of Notice and Motion to Dismiss the Complaint."  (Doc. 17.)  Though Plaintiff states that he moves for summary judgment pursuant to Fed. R. Civ. P.

For the reasons that follow, it is ORDERED that Defendant's motion be GRANTED without prejudice and with leave to amend.

## II.    FACTUAL BACKGROUND

Plaintiff is currently housed at CCI in Tehachapi, California, where the events in the complaint are alleged to have occurred. Defendant was the Warden of CCI at all times relevant to the complaint.

Plaintiff alleges that on May 30, 2014, CCI implemented a "Guard One Safety/Security Check" procedure ("security policy") in which correctional officers would use a metal bar or pipe to "loudly bang, hit, and connect to another metal bar/object [ ] mounted on the outside of each cell door" "every 5, 10-to-15-to-20-minutes." (Compl., p. 5.) When the metal connects, it "lets out a (loud) beep/whistle and lets out a loud noise" that "subjects [Plaintiff] to conditions that pose an unreasonable risk of harm, future harm." (*Id.*) Plaintiff alleges the correctional officers "maliciously, sadistically, and excessively bang and hit [his] cell-door, as well as other inmates['] cell doors." (*Id.*) Plaintiff alleges the repeated loud banging "violates the basic civilized measures of [his] life necessities, the contemporary standard of decency, and to a human basic need [his] (health and wellbeing) by their deliberate indifference." (*Id.*)

Plaintiff asked the correctional officers why they had started the banging, and "it was said and stated that (this came down from Sacramento) and this is what [they] were (ordered) to do." (*Id.*) On June 8, 2014, Plaintiff requested an interview with the Ombudsman in Sacramento and requested an interview with Defendant "to also request information and a copy of said new policy" via "CDCR-22-form." (*Id.*) On June 25, 2014, a representative of the Ombudsman met with Plaintiff and discussed the implementation of the security policy. (*Id.*, p. 6.) Defendant, however, has not responded to Plaintiff's request for an interview. (*Id.*)

On June 16, 2014, Plaintiff filed an inmate appeal, Log. No. CCI-0-14-01340, complaining about the security policy and requesting that the "extreme, excessive banging and hitting" on his cell door stop, the metal bar be converted to rubber, or that the procedure stop entirely or at least

---

56(c), his pleadings do not comply with the Local Rules regarding summary judgment. Therefore, Plaintiff's pleading is construed as an opposition to Defendant's Motion to Dismiss, rather than as a motion for summary judgment.

be halted temporarily until an investigation could be conducted into the effect of the procedure. (*Id.*) On July 15, 2014, Plaintiff was interviewed regarding his appeal. (*Id.*, p. 7.) Approximately two months before Plaintiff filed his complaint, the "loud beep tone" emitted during contact between the correctional officers' metal batons and the cell doors became silenced during "first watch." (*Id.*)

Plaintiff's appeal was denied at the third level of review. (*Id.,* p. 2.) Therefore, Plaintiff has exhausted all of his available administrative remedies within the California Department of Corrections and Rehabilitation ("CDCR").

### III.  LEGAL STANDARD

A motion to dismiss brought pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim, and dismissal is proper if there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quotation marks and citations omitted). In resolving a 12(b)(6) motion, a court's review is generally limited to the operative pleading. *Daniels-Hall v. National Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010); *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007); *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 1003-04 (9th Cir. 2006); *Schneider v. California Dept. of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (quotation marks omitted); *Conservation Force*, 646 F.3d at 1242; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The Court must accept the well-pleaded factual allegations as true and draw all reasonable inferences in favor of the non-moving party. *Daniels-Hall*, 629 F.3d at 998; *Sanders*, 504 F.3d at 910; *Huynh*, 465 F.3d at 996-97; *Morales v. City of Los Angeles*, 214 F.3d 1151, 1153 (9th Cir. 2000).

Courts may not supply essential elements not initially pled, *Litmon v. Harris*, 768 F.3d 1237, 1241 (9th Cir. 2014), but "[c]ourts in this circuit have an obligation to give a liberal construction to the filings of pro se litigants, especially when they are civil rights claims by

inmates," *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013).  Pro se complaints "may only be dismissed 'if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012)).  "This rule relieves pro se litigants from the strict application of procedural rules and demands that courts not hold missing or inaccurate legal terminology or muddled draftsmanship against them."  *Blaisdell*, 729 F.3d at 1241.

## IV.     DISCUSSION

Plaintiff's Eighth Amendment claim arises from mental and emotional distress he has allegedly suffered as a result of "extremely" / "excessively" loud "banging" and "beeping" during CCI correctional officers' routine cell checks pursuant to the security policy.  The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment.  *Hope v. Pelzer*, 536 U.S. 730, 737 (2002) (citing *Whitley v. Albers*, 475 U.S. 312, 319 (1986)) (quotation marks omitted).  "An Eighth Amendment claim that a prison official has deprived inmates of humane conditions must meet two requirements, one objective and one subjective."  *Lopez v. Smith*, 203 F.3d 1122, 1132-33 (9th Cir. 2000) (internal quotation and citation omitted). "Under the objective requirement, the prison official's acts or omissions must deprive an inmate of the minimal civilized measure of life's necessities.  The subjective requirement, relating to the defendant's state of mind, requires deliberate indifference."  *Id*.

**A.     Plaintiff Has Failed to Plead Facts to Meet the Eighth Amendment's Objective Requirement**

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment, but also from inhumane conditions of confinement.  *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006).  "[W]hile conditions of confinement may be, and often are, restrictive and harsh, they 'must not involve the wanton and unnecessary infliction of pain.'"  *Id*. (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). "What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishment Clause depends upon the claim at issue[.]"  *Hudson v. McMillian*, 503 U.S. 1, 8 (1992).

"[E]xtreme deprivations are required to make out a[n] [Eighth Amendment] conditions-of-confinement claim." *Id.*, at 9 (citation omitted).  With respect to this type of claim, "[b]ecause routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." *Id*. (quotations and citations omitted).

Allegations of excessive noise in a prison can support a valid Eighth Amendment claim. *See, e.g., Toussaint v. McCarthy*, 801 F.2d 1080, 1110 (9th Cir. 1986) (affirming scope of relief granted by district court for noise level in the prison; evidence showed that there was a "constant level of noise" which adversely affected the inmates' hearing); *Keenan v. Hall*, 83 F.3d 1083, 1090 (9th Cir. 1996), *opinion amended on denial of reh'g*, 135 F.3d 1318 (9th Cir. 1998) ("public conceptions of decency inherent in the Eighth Amendment require that [inmates] be housed in an environment that, if not quiet, is at least reasonably free of excess noise") (internal quotation omitted); *Inmates of Occoquan v. Barry*, 844 F.2d 828, 848 (D.C. Cir. 1988) (excessive noise caused by unregulated television volume settings constituted constitutional violation only in combination with numerous other systemic deficiencies; proper to base holding on testimony that it was "necessary to almost shout to be heard"); *Williams v. Boles*, 841 F.2d 181, 183 (7th Cir. 1988) (incessant noise may cause agony even though it leaves no physical marks).

Here, Plaintiff simply alleges the "banging" and "beeping" caused by the security policy was "very loud," continuous throughout the day at regular intervals, and went on all day except for the "first watch."  Other than his own conclusions that the repeated beeping and banging is "extreme," "pose a substantial unreasonable risk to [his] life, health, and wellbeing," and "deprive[] [him] of [his] rights and basic human needs," Plaintiff has alleged no facts demonstrating that noise levels created by the cell checks posed a serious risk of injury or were anything other than annoying to Plaintiff.  (Compl.; *see also* Doc. 17, p. 8 (contending the beeping associated with the security policy is unconstitutional because the "cruel and unusual loud banging and noise with a metal bar/pipe/object subjected [him] to the unnecessary and wanton infliction of pain")).  *See Lunsford v. Bennett*, 17 F.3d 1574, 1580 (7th Cir. 1994) (affirming summary judgment for prison

officials who allegedly subjected prisoners to loud noises over an intercom during a 24–hour period; "[t]he record contains no evidence that the noise levels posed a serious risk of injury to the plaintiffs. Subjecting a prisoner to a few hours of periodic loud noises that merely annoy, rather than injure the prisoner does not demonstrate a disregard for the prisoner's welfare"); *Murphy v. Dowd*, 975 F.2d 435, 437 (8th Cir. 1992) (per curiam) (affirming judgment for prison officials, finding excessive noise claim was meritless); *Givens v. Jones*, 900 F.2d 1229, 1234 (8th Cir. 1990) (affirming summary judgment for prison officials in suit alleging excessive noise caused by remodeling in prison; court finds noise is "a fact of life" and that the claim "on its face appears almost specious"; inmate failed to claim the noise was result of malicious intent or even reckless disregard for his well-being); *Peterkin v. Jeffes*, 855 F.2d 1021, 1027 (3d Cir. 1988) ("the noise in the cells, while it may be irritating to some prisoners, cannot fairly be said to inflict cruel and unusual punishment").

While Plaintiff alleges he has suffered from "restlessness, nervousness, [and] substantial lack of sleep" due to the noise caused by the cell checks (Compl., p. 9), the deprivation of some nonspecific amount of sleep for an unspecified duration does not rise to the level of a constitutional injury. *See, e.g., Gordon v. Cate*, No. 11-CV-03593-JST(PR), 2014 WL 848212, at *5 (N.D. Cal. Feb. 28, 2014), *aff'd*, No. 14-15502, 2016 WL 360888 (9th Cir. Jan. 28, 2016) (actionable constitutional injury where plaintiff was "sleep-deprived for significant periods of time" due to "constant screaming, wailing, crying, singing and yelling" of other inmates). Plaintiff does not allege that he informed CCI staff he was having trouble sleeping, requested medical attention for his sleep deprivation, or asked for earplugs. (*See* Compl.)

As currently pled, Plaintiff has not demonstrated that the "banging" and "beeping" caused by the security policy has deprived him of the "minimal civilized measure of life's necessities." However, because it is possible that on amendment Plaintiff could plead adequate facts to demonstrate an Eighth Amendment violation for excessive noise, dismissal with leave to amend is appropriate.

**B.      Plaintiff Has Failed to Plead Facts to Meet the Eighth Amendment's Subjective Requirement**

Plaintiff has alleged that consistently throughout the day, at short intervals, the correctional officers under Defendant's supervision cause loud, repeated "banging" and clanging noises by striking some sort of metallic sensor on his cell with a metal bar. (Compl.)  To maintain an Eighth Amendment claim, a prisoner must show that prison officials were deliberately indifferent to a substantial risk of harm to his health or safety. *See Farmer*, 511 U.S. at 847; *Thomas v. Ponder*, 611 F.3d 1144, 1150-51 (9th Cir. 2010); *Foster v. Runnels*, 554 F.3d 807, 812-14 (9th Cir. 2009). Not all infliction of pain related to prison conditions violates the Eighth Amendment. *See Rhodes*, 452 U.S. at 349.  Whether conduct can be characterized as rising to the level of a constitutional violation depends upon the constraints facing the defendant prison official. *Wilson v. Seiter*, 501 U.S. 294, 303 (1991).

Liberally construing Plaintiff's complaint as required, the Court concludes that Plaintiff has failed to allege sufficient facts regarding Defendant's conduct to plausibly suggest that he is entitled to relief under the Eighth Amendment against her.   *See Iqbal*, 556 U.S. at 678. Specifically, while Plaintiff has alleged that he experiences some level of pain or discomfort as a result of the alleged "banging" and "beeping" caused by the security policy, he has failed to allege how Defendant's conduct rose to the level of deliberate indifference to that pain. *See McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1991) ("A defendant must purposefully ignore or fail to respond to a prisoner's pain or possible medical need in order for deliberate indifference to be established"), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997).

Plaintiff contends the security policy was "implemented by (mental health program) to control[ ] and monitor (suicidal inmates)" and that the policy was ordered by "Sacramento." (Doc. 17, p. 12.)  Plaintiff has not alleged facts suggesting Defendant developed the policy or had the ability to refuse to implement the policy.  (*See* Compl.)   Rather, Plaintiff has specifically alleged he requested an interview with, and was interviewed by, a representative of the Ombudsman to discuss the need for and implementation of the security policy (*id.*, p. 6),

indicating the security policy was developed and promulgated by someone other than Defendant. There are no allegations in the complaint demonstrating Defendant's conduct in implementing the security policy was "wanton" rather than mandated from her superiors.

Further, Plaintiff has failed to allege facts demonstrating Defendant was deliberately indifferent to any alleged injury suffered by the "banging" and "beeping." Rather, Plaintiff appears to allege that once on notice of his complaints about the security policy, Defendant took immediate, reasonable measures to abate any harm to Plaintiff. (*Id.*, p. 7 (noting the security policy had been changed since his complaints to the Ombudsman and Defendant to eliminate any audible beep during cell checks conducted during "first watch").) Plaintiff has pleaded no facts suggesting Defendant wrongfully implemented a security policy mandated by her superiors or failed to take action to abate the risk of harm to him once made personally aware of his objection to the noise caused by the security policy. (*See id.*) Without more, Plaintiff's allegations against Defendant do not allege a cognizable claim for relief under § 1983.[2] However, because it is possible that Plaintiff could marshal facts sufficient to allege an Eighth Amendment claim against Defendant or some other official, leave to amend is appropriate.

## C.   **Plaintiff Has Failed to Show Physical Injury**

A prisoner confined in a jail, prison, or other correctional facility, may not bring a federal civil action "for mental or emotional injury suffered while in custody without a prior showing of physical injury . . . ." 42 U.S.C. § 1997e(e).[3] Plaintiff alleges that the security policy "poses an extreme unreasonable risk of harm, pain and mental and emotional pain and suffering" and that subjected him and other inmates to "conditions that pose a substantial extreme risk of serious harm, pain, and suffering." (Compl., pp. 5, 8.) However, Plaintiff's allegations fail to show either physical injury or a sexual act as the basis for his alleged mental and emotional injury. While the

---

[2]   Because Plaintiff has failed to articulate a cognizable § 1983 claim against Defendant, the Court will not address Defendant's arguments that she is entitled to qualified immunity for her alleged conduct (*see* Docs. 15, pp. 6-7; 19, p. 7) or that Plaintiff has failed to plead facts supporting his demand for punitive damages (*see* Doc. 15, p. 7) at this time.

[3]   The commission of a sexual act (as defined in 18 U.S.C. § 2246) can provide basis for mental or emotional injury in place of physical injury. However, this aspect is not addressed since Plaintiff's allegations are devoid of any sexual references.

repeated loud "banging" and "beeping" of which Plaintiff complains may be irritating, without a prior showing of physical injury, section 1997e(e) prohibits Plaintiff from pursuing claims for mental or emotional injury.

**D.      Leave to Amend Will Be Granted**

Here, Plaintiff's allegations regarding Defendant's conduct simply "do not allow the court to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. *See also Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.) (the court is not required to "accept as true allegations that are merely conclusory, require unwarranted deductions or unreasonable inferences") (internal quotations omitted), *amended on other grounds*, 275 F.3d 1187 (9th Cir. 2001). In other words, Plaintiff's allegations as to Defendant's conduct have not "nudged [his] claims across the line from conceivable to plausible." *Bell Atlantic*, 550 U.S. at 570.

As discussed above, however, it is possible that on amendment Plaintiff may be able to plead adequate facts to demonstrate an Eighth Amendment violation for excessive noise. Therefore, Plaintiff will be provided an opportunity to file an amended complaint in order to cure the defects discussed above. *See Lopez v. Smith*, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). Therefore, if Plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete. *See* Local Rule 220. <u>An amended complaint must be complete in itself without reference to any prior pleading</u>. *See id*.

If plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions or treatment complained of have resulted in a deprivation of his constitutional rights, *see Ellis v. Cassidy*, 625 F.2d 227 (9th Cir. 1980), must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation, *see May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980); *Johnson v.*

9

1 *Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

2    Finally, plaintiff is required to file an amended complaint within the time provided in this order. Failure to do so will be grounds for dismissal of this action for failure to state a claim and for failure to obey a court order. *See Ferdik*, 963 F.2d at 1260-61; *see also* Local Rule 110. Plaintiff is also cautioned that a complaint which fails to provide a succinct, brief statement of his claims in compliance with Federal Rule of Civil Procedure 8 may, in the court's discretion, be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b). *See Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 673 (9th Cir. 1981).

### V.   CONCLUSION AND ORDER

For the reasons set forth herein, IT IS HEREBY ORDERED that:

1. Defendant's motion to dismiss the complaint is GRANTED; and
2. Within 30 days of service of this order, Plaintiff shall file either an amended complaint, or a notice of voluntary dismissal.

IT IS SO ORDERED.

Dated:  **June 5, 2016**                              /s/ *Sheila K. Oberto*
                                                                    UNITED STATES MAGISTRATE JUDGE