UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVAN LEE MATTHEWS, | No. 1:14-cv-1959 KJM DB P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| K. HOLLAND, | |
| Defendant. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges use of the Guard One security check system when he was incarcerated at the California Correctional Institution ("CCI") violated his Eighth Amendment rights. Before the court is defendant's motion for judgment on the pleadings. For the reasons set forth below, the court recommends defendant's motion be denied.

## BACKGROUND

Plaintiff is currently incarcerated at Salinas Valley State Prison. The events complained of occurred when he was incarcerated at CCI in 2014 and 2015. This case is proceeding on plaintiff's first amended complaint filed here on July 1, 2016. (ECF No. 21.)

**I.    Allegations of the First Amended Complaint**

Plaintiff identifies one defendant – CCI Warden Holland. Plaintiff alleges that starting on May 30, 2014, defendant implemented Guard One Safety/Security Checks in the administrative

1

segregation unit ("ASU") at CCI. (Id. ¶ 10.) Under the Guard One policy, every "5, 10, 15, 20 minutes - 24-hours a day," correctional officers used a metal bar to loudly bang and hit another metal object on inmates' cell doors which let out a "loud beep or whistle." (Id. ¶ 9.)

On June 8, 2014, plaintiff wrote a "cdcr-inmate-22-request for interview form" to Warden Holland informing her that correctional officers were causing excessively loud noise for which there was no need, thereby depriving him of reasonable sleep; however, she failed to take measures to stop it. (Id. ¶ 16.) That same day, plaintiff also sent a "cdcr-inmate-22-request for interview form" to the ombudsman in Sacramento in which he requested information regarding the Guard One policy and a copy of the policy. (Id. ¶ 17.) Plaintiff met with a representative of the ombudsman's office on June 25, 2014, and was told that the Guard One system is only required for the first twenty-one days that an inmate is in ASU, that Sacramento ordered it, and that the policy requires correctional officers to run beep checks once every thirty minutes. (Id. ¶ 18.) Plaintiff alleges that all three of the above requirements were "being violated and arbitrarily misused" by Warden Holland and correctional officers which amounted to a violation of his rights under the Eighth Amendment. (Id.)

Plaintiff alleges that Warden Holland deprived him of an environment reasonably free from excessive noise, failed to stop use of the Guard One system on inmates who were not in ASU for disciplinary reasons, and failed to stop correctional officers from performing the banging/beeping checks on his "cell-door-every-5-10-15-20-minutes-24-hours-a-day and night." (Id. ¶ 19.) Plaintiff further alleges that Warden Holland is responsible for the officer's actions of loudly banging on his cell door, failed to respond to his request for an interview, and "illegally formulated" the Guard One policy "on inmates" such as plaintiff who are in ASU more than twenty-one days and are not suicidal. (Id. ¶¶ 20-22.) The Guard One policy, and the way it was implemented, allegedly caused a violation of plaintiff's "clearly established constitutional rights" and resulted "in amongst other things-(psychological-pain/treatment, nervousness, sleep-deprivations, unable to take sleeping-pills, anxiety, and an environment-not-free of excess-loud-noise.)" (Id. ¶ 33.)

////

**II. Procedural History**

Defendant moved to dismiss the first amended complaint on the grounds that she was protected by qualified immunity and that plaintiff failed to state a claim cognizable under the Eighth Amendment. (ECF No. 22.) The previously-assigned magistrate judge rejected defendant's qualified immunity argument. In addition, the court found that plaintiff adequately plead an Eighth Amendment claim against defendant based on his allegations that he submitted a form-22 request for interview to defendant on June 8, 2014, in which he informed her that correctional officers were implementing the Guard One policy in a way that created loud noise when there was no need for it, thereby depriving him of the basic need for sleep through July 8, 2015. (ECF No. 21, ¶¶ 16, 23, 24.) The court held that "these allegations generally suffice to state a cognizable claim based on Warden Holland's 'knowledge of and acquiescence in unconstitutional conduct by his or her subordinates.'" (ECF No. 26 at 8 (quoting Starr v. Baca, 652 F.3d 1202, 1207 (2011).)

On April 21, 2017, defendant filed an answer. (ECF No. 27.) On April 26, 2017, the court issued a Discovery and Scheduling Order requiring that discovery be completed by December 26, 2017 and dispositive motions be filed by March 5, 2018. (ECF No. 28.)

On July 11, 2017, Jorge Andrade Rico, plaintiff in Rico v. Beard, No. 2:17-cv-1402 CKD (E.D. Cal.), filed a notice of related cases. (ECF No. 41.) Rico contended that the present case, among others, is related to Coleman v. Brown, No. 2:90-cv-0520 KJM DB because the Guard One system was implemented pursuant to an order issued by Judge Mueller in Coleman. Rico informed the court that his case had been transferred from the Northern District of California to the Eastern District on the same basis. On February 2, 2018, Judge Mueller issued an order relating this case, Rico's case, and a third case to Coleman. (ECF No. 55.) Each case was transferred to this district and reassigned to Judge Mueller and to the undersigned magistrate judge.

On December 6, 2017, defendant filed the present motion for judgment on the pleadings. (ECF No. 46.) Plaintiff filed an opposition on February 1, 2018. (ECF No. 52.) Defendant filed a reply. (ECF No. 56.)

3

On March 8, 2018, the court amended the Discovery and Scheduling Order to continue the deadlines for discovery to June 26, 2018 and for dispositive motions to September 5, 2018. (ECF No. 58.)

**MOTION FOR JUDGMENT ON THE PLEADINGS**

Defendant argues judgment in her favor is appropriate on three grounds: (1) plaintiff fails to state a claim because an order in Coleman[1] mandated that defendant implement Guard One; (2) defendant is entitled to qualified immunity because Coleman mandated Guard One; and (3) defendant is entitled to qualified immunity because plaintiff fails to state an Eighth Amendment claim. (ECF No. 46.) Plaintiff, citing the order denying defendant's motion to dismiss, points out that Judge Oberto already held he had stated a cognizable Eighth Amendment claim against defendant.

**I.　Legal Standards**

**A.　Motion for Judgment on the Pleadings**

Pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Judgment on the pleadings is appropriate when, even if all material facts in the pleading under attack are true, the moving party is entitled to judgment as a matter of law. Chavez v. United States, 683 F.3d 1102, 1108 (9th Cir. 2012). Analysis under Rule 12(c) is 'substantially identical' to analysis under Rule 12(b)(6) because, under both rules, 'a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy.'" Id. at 1108 (quoting Brooks v. Dunlop Mfg. Inc., No. C 10-4841 CRB, 2011 WL 6140912, at *3 (N.D. Cal. Dec. 9, 2011)).

"A complaint may survive a motion to dismiss if, taking all well-pleaded factual allegations as true, it contains 'enough facts to state a claim to relief that is plausible on its face.'"

---

[1] Defendant asks the court to take judicial notice of documents and orders from the Coleman case. (See ECF No. 46-1.) The court may take judicial notice of "matters of public record" pursuant to Federal Rule of Evidence 201 without converting a motion to dismiss into a motion for summary judgment. MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986). Accordingly, defendant's request is granted.

Coto Settlement v. Eisenberg, 593 F.3d 1031, 1034 (9th Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Caviness v. Horizon Cmty. Learning Ctr., Inc., 590 F.3d 806, 812 (9th Cir. 2010) (quoting Iqbal, 556 U.S. at 678). In considering a motion for judgment on the pleadings the court accepts "all factual allegations in the complaint as true" and construes the allegations "in the light most favorable to the non-moving party." Fleming v. Pickard, 581 F.3d 922, 925 (9th Cir. 2009) (citing Turner v. Cook, 362 F.3d 1219, 1225 (9th Cir. 2004)). Judgment on the pleadings is appropriate "when there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law." Id. at 925 (citing Heliotrope Gen., Inc. v. Ford Motor Co., 189 F.3d 971, 979 (9th Cir. 1999)).

If the motion for judgment on the pleadings is granted, leave to amend should be granted unless it is clear the complaint cannot be saved by amendment. Jackson v. Barnes, 749 F.3d 755, 766–67 (9th Cir. 2014) (district court erred in granting judgment on the pleadings and not permitting amendment where it was not absolutely clear the deficiencies were not curable).

**B. Eighth Amendment**

Under the Eighth Amendment, "prison officials are . . . prohibited from being deliberately indifferent to policies and practices that expose inmates to a substantial risk of serious harm." Parsons v. Ryan, 754 F.3d 657, 677 (9th Cir. 2014); see also Farmer v. Brennan, 511 U.S. 825, 847 (1994) (prison official violates Eighth Amendment if he or she knows of a substantial risk of serious harm to an inmate and fails to take reasonable measures to avoid the harm). Deliberate indifference occurs when "[an] official acted or failed to act despite his knowledge of a substantial risk of serious harm." Farmer, 511 U.S. at 841. Thus, a prisoner may state "a cause of action under the Eighth Amendment by alleging that [prison officials] have, with deliberate indifference, exposed him to [conditions] that pose an unreasonable risk of serious damage to his future health." Helling v. McKinney, 509 U.S. 25, 35 (1993).

"The second step, showing 'deliberate indifference,' involves a two part inquiry." Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010). "First, the inmate must show that the

prison officials were aware of a 'substantial risk of serious harm' to an inmate's health or safety." Id. (quoting Farmer, 511 U.S. at 837). "This part of [the] inquiry may be satisfied if the inmate shows that the risk posed by the deprivation is obvious." Thomas, 611 F.3d at 1150 (citation omitted). "Second, the inmate must show that the prison officials had no 'reasonable' justification for the deprivation, in spite of that risk." Id. (citing Farmer, 511 U.S. at 844) ("[P]rison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably.")

### C. Qualified Immunity

Government officials enjoy qualified immunity from civil damages unless their conduct violates clearly established statutory or constitutional rights. Jeffers v. Gomez, 267 F.3d 895, 910 (9th Cir. 2001) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). When a court is presented with a qualified immunity defense, the central questions for the court are: (1) whether the facts alleged, taken in the light most favorable to the plaintiff, demonstrate that the defendant's conduct violated a statutory or constitutional right; and (2) whether the right at issue was "clearly established." Saucier v. Katz, 533 U.S. 194, 201 (2001), receded from, Pearson v. Callahan, 555 U.S. 223 (2009) (the two factors set out in Saucier need not be considered in sequence). "Qualified immunity gives government officials breathing room to make reasonable but mistaken judgments about open legal questions." Ashcroft v. al-Kidd, 563 U.S. 731, 743 (2011). The existence of triable issues of fact as to whether prison officials were deliberately indifferent does not necessarily preclude qualified immunity. Estate of Ford v. Ramirez–Palmer, 301 F.3d 1043, 1053 (9th Cir. 2002).

"For the second step in the qualified immunity analysis—whether the constitutional right was clearly established at the time of the conduct—the critical question is whether the contours of the right were 'sufficiently clear' that every 'reasonable official would have understood that what he is doing violates that right.'" Mattos v. Agarano, 661 F.3d 433, 442 (9th Cir. 2011) (quoting al—Kidd, 563 U.S. at 741) (some internal marks omitted). "The plaintiff bears the burden to show that the contours of the right were clearly established." Clairmont v. Sound Mental Health, 632 F.3d 1091, 1109 (9th Cir. 2011). "[W]hether the law was clearly established must be

undertaken in light of the specific context of the case, not as a broad general proposition." Estate of Ford, 301 F.3d at 1050 (citation and internal marks omitted).

In making this determination, courts consider the state of the law at the time of the alleged violation and the information possessed by the official to determine whether a reasonable official in a particular factual situation should have been on notice that his or her conduct was illegal. Inouye v. Kemna, 504 F.3d 705, 712 (9th Cir. 2007); see also Hope v. Pelzer, 536 U.S. 730, 741 (2002) (the "salient question" to the qualified immunity analysis is whether the state of the law at the time gave "fair warning" to the officials that their conduct was unconstitutional). "[W]here there is no case directly on point, 'existing precedent must have placed the statutory or constitutional question beyond debate.'" C.B. v. City of Sonora, 769 F.3d 1005, 1026 (9th Cir. 2014) (citing al—Kidd, 563 U.S. at 740). An official's subjective beliefs are irrelevant. Inouye, 504 F.3d at 712.

**II.    Analyses**

The court is puzzled by defendant's motion. Defendant is arguing the same grounds – qualified immunity and failure to state a claim – that she argued in her motion to dismiss. As set out above, the standards for considering a motion for judgment on the pleadings are the same as those for considering a motion to dismiss. The only new information provided in defendant's current motion is the fact that the Guard One system was implemented by order of Judge Mueller in the Coleman class action. However, to the extent plaintiff is challenging the Guard One system itself, as opposed to challenging the way Guard One was used at CCI, Judge Oberto dismissed that challenge in ruling on defendant's motion to dismiss. Judge Oberto held that plaintiff had not shown that the "Guard One Policy, which Warden Holland allegedly implemented, was so deficient that 'the policy itself is a repudiation of constitutional rights' and is 'the moving force'" behind the violation of plaintiff's rights as alleged in this action. (ECF No. 26 at 7 (citation omitted).)

Judge Oberto did find, however, that plaintiff's June 8, 2014 form-22 request for an interview, which was submitted to defendant Holland, put defendant on notice that "correctional officers were implementing the Guard One Policy in a way that created loud noise when there

was no need for it, thereby depriving him of the basic need for sleep." (Id. at 8.) This was sufficient, Judge Oberto held, to state a cognizable Eighth Amendment claim under 42 U.S.C. § 1983. (Id.)

Defendant presents nothing new to challenge Judge Oberto's ruling. Defendant never sought reconsideration of that ruling and it is now the law of this case. Defendant appears to be simply attempting to have this court reconsider a ruling made a year ago in this case, without presenting newly discovered evidence or law that might justify belated reconsideration of that ruling. See E.D. Cal. R. 230(j) (A party seeking reconsideration must show "new or different facts or circumstances [] claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion[.]"). "[A] court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case." United States v. Alexander, 106 F.3d 874, 876 (9th Cir. 1997) (quoting Thomas v. Bible, 983 F.2d 152, 154 (9th Cir. 1993)). This court is bound by Judge Oberto's ruling that plaintiff has stated a cognizable Eighth Amendment claim.

Defendant's qualified immunity argument is similarly defeated by Judge Oberto's prior ruling. Judge Oberto held that law in this circuit was clearly established in 2014 that sleep deprivation could amount to a violation of the Eighth Amendment. (ECF No. 26 at 12-13.) While the fact that Guard One was implemented pursuant to an order in Coleman might protect defendant from suit based solely on use of the Guard One system, that is not what plaintiff's surviving claim alleges. Rather, plaintiff alleges correctional officers conducted the Guard One checks in a way that caused frequent and excessive loud noises. The allegation that Guard One checks were not conducted appropriately, and were conducted in a manner causing unconstitutional sleep deprivation, makes plaintiff's claim one covered by the clearly established law regarding sleep deprivation. Defendant should not be protected by qualified immunity from plaintiff's Eighth Amendment claim.

For the foregoing reasons, IT IS HEREBY RECOMMENDED that defendant's motion for judgment on the pleadings (ECF No. 46) be denied.

////

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, either party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 30, 2018

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-civil rights/matt1959.mtd2