UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVAN LEE MATTHEWS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KIM HOLLAND,<br><br>　　　　Defendant. | No. 1:14-cv-1959 KJM DB P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges use of the Guard One security check system when he was incarcerated at the California Correctional Institution ("CCI") violated his Eighth Amendment rights. Recently, this court asked the parties for their positions on a stay pending resolution of the interlocutory appeal in a related case. Defendant states that a stay is appropriate. Plaintiff opposes a stay. For the reasons set forth below, this court will recommend a stay of these proceedings pending the Ninth Circuit's resolution of the defendants' interlocutory appeal in <u>Rico v. Beard</u>, No. 2:17-cv-1402 KJM DB P.

**BACKGROUND**

Plaintiff is currently incarcerated at Salinas Valley State Prison. The events complained of occurred when he was incarcerated at CCI in 2014 and 2015. This case is proceeding on plaintiff's first amended complaint filed here on July 1, 2016. (ECF No. 21.)

1

Plaintiff alleges that starting on May 30, 2014, defendant, CCI Warden Holland, implemented security checks in the administrative segregation unit ("ASU") at CCI using the Guard One system. Under the Guard One system, every "5, 10, 15, 20 minutes - 24-hours a day," correctional officers used a metal bar to loudly bang and hit another metal object on inmates' cell doors which let out a "loud beep or whistle." Plaintiff contends he complained to defendant that the excessive noise caused by use of the Guard One system was causing him sleep deprivation. However, defendant failed to take measures to ameliorate the problem.

Defendant moved to dismiss the first amended complaint on the grounds that she is protected by qualified immunity. (ECF No. 22.) That motion was denied. (ECF No. 26.) Defendant then moved for judgment on the pleadings on the same grounds. (ECF No. 46.) The court denied that motion as well. (ECF No. 65.) Pending before the court is defendant's motion for summary judgment. (ECF No. 68.) In that motion defendant argues, among other things, that she is entitled to qualified immunity. The court has not yet addressed that motion.

In 2018, the court related the present case to several other cases challenging the use of the Guard One security system in the California prisons. (See ECF No. 55.) On March 5, 2019, in Rico, the court held that qualified immunity protected the high level supervisory defendants from suit but that the remaining defendants, those who reviewed the plaintiff's appeals and those who conducted the security tests, were not so protected. See No. 2:17-cv-1402 KJM DB P (ECF No. 102). The defendants remaining in that case then filed an interlocutory appeal. Id. (ECF No. 103). On appeal, they argue that the district court erred in denying them qualified immunity. See Appellants' Mediation Questionnaire, Rico v. Ducart, et al., No. 19-15541 (9th Cir. Mar. 29, 2019). The Rico appeal remains pending in the Ninth Circuit.

In June 2019, this court ordered the parties to file statements regarding the propriety of a stay of these proceedings pending the Ninth Circuit's decision in Rico. (ECF No. 77.) Defendant responded that a stay is appropriate. (ECF No. 78.) Plaintiff opposes a stay. (ECF No. 79.)

////

////

////

I.  **Legal Standards**

The power to stay proceedings "is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. North Am. Co., 299 U.S. 248, 254 (1936). In evaluating whether to stay proceedings, the court balances competing interests and should consider: (1) potential prejudice to either party if the case is stayed or if it is not; and (2) the judicial resources that would be saved by avoiding duplicative litigation. Adkins v. J.B. Hunt Transp., Inc., 293 F. Supp. 3d 1140, 1150 (E.D. Cal. 2018) (citations omitted); see also Landis, 299 U.S. at 254-55; CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962).

II. **Analysis**

Plaintiff's only argument that a stay is inappropriate is that defendant is not entitled to qualified immunity. Plaintiff does not argue that he will suffer any potential hardship or prejudice if the case is temporarily stayed. He seeks only money damages in his suit and courts have held that the delayed reception of ordinary money damages is not the type of potential damage that courts consider weighty when considering a stay. See I.K. ex rel. E.K. v. Sylvan Union Sch. Dist., 681 F. Supp. 2d 1179, 1191 (E.D. Cal. 2010) (citing Lockyer v. Mirant Corp., 398 F.3d 1098, 1110 (9th Cir. 2005)). In addition, plaintiff should not suffer prejudice in conducting factfinding because the parties have completed discovery and the case is awaiting a ruling on defendant's motion for summary judgment on the merits of the case.

The Ninth Circuit's ruling in Rico could very well affect the issues herein. Some of the remaining defendants in Rico are those who reviewed plaintiff Rico's administrative appeals. Rico contends they were aware of the sleep deprivation caused by use of the Guard One system and failed to take any actions to remedy it. In the present case, plaintiff's allegations against defendant Holland are similar. He contends she was aware of the sleep deprivation he suffered through use of the Guard One system and that she failed to remedy the problem. Therefore, the Ninth Circuit's ruling on the qualified immunity issue in the Rico would very likely be relevant to the proceedings in the present case.

////

Finally, both parties will be prejudiced if litigation proceeds and, later in this case, the Ninth Circuit rules that the defendants in Rico who reviewed appeals are entitled to qualified immunity. That ruling could require dismissal of plaintiff's action against defendant Holland. In that event, both parties will have spent time and resources unnecessarily. In addition, the court's limited resources will have been spent on issues that need not have been resolved. This court finds the equities weigh in favor of granting a stay.

For the foregoing reasons, IT IS HEREBY RECOMMENDED that this action be stayed pending the Ninth Circuit's resolution of the interlocutory appeal in Rico v. Beard, No. 2:17-cv-1402 KJM DB P.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, either party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 28, 2019

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-civil rights/matt1959.stay fr

4