1

2

3

4

5

6

7                       UNITED STATES DISTRICT COURT

8                  FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10   IVAN LEE MATTHEWS,                        No.  1:14-cv-1959 KJM DB P

11                       Plaintiff,

12           v.                                ORDER

13   KIM HOLLAND,

14                       Defendant.

15

16          Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief

17   under 42 U.S.C. § 1983.  Plaintiff challenges the operation of the Guard One Security Check

18   system, implemented in specific units in California's prisons as a suicide prevention measure,

19   claiming defendants' use of the Guard One system has caused him to suffer sleep deprivation in

20   violation of his rights under the Eighth Amendment.

21          Defendants moved to stay these proceedings pending the resolution of an appeal pending

22   before the Ninth Circuit from an order issued in *Rico v. Ducart*, 2:17-cv-1402 KJM DB P, which

23   also involves a challenge to the use of Guard One.  In *Rico*, defendants have appealed the court's

24   denial of qualified immunity to some defendants.

25          On November 20, 2020, the Ninth Circuit reversed the district court's order denying

26   qualified immunity on Rico's Eighth Amendment claim and remanded the case for entry of an

27   order of dismissal granting qualified immunity as to all remaining defendants.  *See Rico v.*

28   *Ducart*, 980 F.3d 1292 (9th Cir. 2020).  On January 8, 2021, plaintiff-appellee petitioned the

                                              1

1    Circuit for rehearing en banc.  On March 2, 2021, the Circuit granted defendants-appellants'

2    second motion for an extension of time to file a response to plaintiff-appellee's motion for

3    rehearing en banc.  Defendants-appellants' new deadline to file a response is April 7, 2021.

4          This court has inherent authority to stay proceedings in pending cases as part of its

5    inherent authority "to control the disposition of the causes on its docket with economy of time

6    and effort for itself, for counsel, and for litigants."  *Landis v. North American Co.*, 299 U.S. 248,

7    254 (1936).  To determine the propriety of a stay, the court must "weigh competing interests and

8    maintain an even balance."  *Id*. at 255.  Here, the majority panel opinion in *Rico v. Beard*, if it

9    becomes final, would require the court to grant qualified immunity to all defendants in this action

10   and dismiss the case.  *See Rico v. Ducart*, No. 19-15541, slip op. at 4-21.  On the other hand, the

11   dissenting opinion suggests the possibility of an alternative disposition that could require this

12   court to permit plaintiff to proceed further with his claim against at least one or more of the

13   named defendants.  *See id*. slip op. at 22–32.  For this reason, disposition of Rico's motion for

14   rehearing en banc will have a material impact on the final resolution of this action.  Accordingly,

15   in the interests of judicial economy and the fair administration of justice, this action will be stayed

16   pending resolution of the plaintiff-appellee's motion for rehearing en banc in *Rico v. Ducart*, No.

17   19-15541.  The court will entertain a request to stay these proceedings further if Rico's motion for

18   rehearing en banc is granted.

19         Accordingly, IT IS HEREBY ORDERED that:

20         (1) This action is stayed pending resolution of the motion for rehearing en banc in *Rico v.*

21   *Ducart*, No. 19-15541;

22         (2) The Clerk of the Court is directed to administratively close this case;

23         (3) Either party may file, as appropriate, a motion to reopen this action, to dismiss this

24   action, or to extend the stay within thirty days of the resolution of motion for rehearing en banc

25   *Rico v. Beard*; and

26         (4) This action will remain stayed unless a timely motion is filed in accordance with this

27   order.

28   DATED:  March 31, 2021.

_____

CHIEF UNITED STATES DISTRICT JUDGE