IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Earnest Harris,<br><br>    Plaintiff,<br><br>v.<br><br>Sexton, at al.,<br>    Defendants. | No.  1:18-cv-00080 KJM-DB P |
| Ivan Lee Matthews,<br><br>    Plaintiff,<br><br>v.<br><br>Holland, et al.,<br><br>    Defendants. | No. 1:14-cv-01959-KJM-DB |

| | |
|---|---|
| Jorge Andrade Rico, | No.  2:17-cv-01402-KJM-DB |
| Plaintiff, | |
| v. | |
| Beard, et al., | |
| Defendants. | |
| Maher Conrad Suarez, | No. 2:18-cv-00340-KJM-DB |
| Plaintiff, | |
| v. | |
| Beard, et al., | |
| Defendants. | |
| Jasper F. Wilson, | No. 1:15-cv-01424-KJM-DB |
| Plaintiff, | |
| v. | |
| Beard, et al., | |
| Defendants. | |
| Christopher Lipsey, | No. 2:18-cv-00362 KJM DB P |
| Plaintiff, | |
| v. | |
| Dr. Norum et al., | |
| Defendants. | |

1

2    Jorge Andrade Rico,                                    No.  2:19-cv-01989 KJM DB P

3                              Plaintiff,

     v.
4
     Clarke E. Ducart, et al.,                             ORDER
5
                              Defendants.
6

7

8        The plaintiffs in the cases captioned above all are state prisoners.  Each filed a civil rights

9    action seeking relief under 42 U.S.C. § 1983.  Each plaintiff challenges the operation of the

10   Guard One Security Check system implemented in specific units in California's prisons as a

11   suicide prevention measure.  *See Coleman v. Newsom, et al.*, 2:90-cv-0520 KJM DB P (E.D. Cal.)

12   (hereafter *Coleman*), ECF No. 5271.  Each claims defendants' use of the Guard One system has

13   caused him to suffer sleep deprivation in violation of his rights to be free from cruel and unusual

14   punishment under the Eighth Amendment.  Each plaintiff seeks money damages and injunctive

15   relief in the form of orders requiring correctional staff to stop making loud noises when doing

16   Guard One checks.

17       The defendants moved to stay these proceedings pending the resolution of an appeal in one

18   of these cases, *Rico v. Beard*, Case No. 2:17-cv-1402 KJM DB (E.D. Cal.) (*Rico*).  On November

19   20, 2020, the United States Court of Appeals for the Ninth Circuit issued a decision in *Rico*, with

20   one judge concurring in part and dissenting in part, holding defendants were entitled to qualified

21   immunity for their implementation of suicide prevention welfare checks and remanding the case

22   for entry of an order of dismissal granting qualified immunity as to all remaining defendants in

23   that case.  *Rico v. Ducart*, 980 F.3d 1292 (9th Cir. 2020).[1]  On January 8, 2021, the plaintiff-

24

25       [1] On March 5, 2019, this court dismissed defendant Beard and four other defendants.
26   Order (March 5, 2019), ECF No. 102.  On appeal, the first named defendant was Clark E. Ducart
     and the case was styled *Rico v. Ducart*.  *See generally Rico v. Ducart*, No. 19-15541 (9th Cir.).
27   This case is different from the other case of *Rico v. Ducart*, No. 19-cv-1989, captioned above and
     cited in this order.
28

appellee in *Rico* petitioned the Ninth Circuit for rehearing en banc.  By an order filed in each case on March 31, 2021, this court stayed the proceedings in each of the actions above pending the outcome of the plaintiff-appellee's petition for rehearing en banc in *Rico*.  In each order, the court authorized any party to "file, as appropriate, a motion to reopen this action, to dismiss this action, or to extend the stay within thirty days of the resolution of motion for rehearing. . . ."  *See, e.g., Harris v. Sexton, et al*., Case No. 1:18-cv-00080 (E.D. Cal.) at ECF No. 70.  On April 28, 2021, the Ninth Circuit denied the petition for rehearing en banc and on May 6, 2021, it issued the court's mandate, making the panel's decision final.  *Rico v. Ducart*, No. 19-15541, Dkt. No. 55.

Lower courts are bound to execute the terms of the Ninth Circuit's mandate.  In other words, the district court must follow the appellate ruling.  *See United States v. Carpenter,* 526 F.3d 1237, 1240 (9th Cir. 2008).  The rule of mandate is jurisdictional and "limit[s] the district court's authority on remand."  *United States v. Thrasher*, 483 F.3d 977, 982 (9th Cir. 2007).  While there is some flexibility in following the mandate, *United States v. Kellington,* 217 F.3d 1084, 1095 n.12 (9th Cir. 2000), that flexibility does not include acting contrary to terms expressly mandated by the Ninth Circuit's decision.

Since the mandate issued, the parties in the above cases have taken various actions, described below, followed by a discussion of this court's resolution.

On April 22, 2021, the plaintiff in *Matthews v. Holland, et al*., Case No. 1:14-cv-01959 (E.D. Cal.) moved to reopen that case.  ECF No. 73.  In the motion, plaintiff sought clarification as to whether *Rico* was still pending on appeal and represented that he was not opposed to a stay of these pending resolution of the motion for rehearing en banc in *Rico*.  On May 20, 2021, the court directed service of relevant documents on plaintiff and service was accomplished.  Minute Order, ECF No. 87.  Plaintiff was granted until July 30, 2021  to file supplement documents concerning his motion to reopen.  *Id*.  Neither party has filed anything further.  On August 20, 2021, the court submitted plaintiff's motion without oral arguments.  ECF No. 88.

On May 7, 2021, defendants in *Rico v. Beard, et al.*, Case No. 2:17-cv-1402 (E.D. Cal.) moved to lift the stay and dismiss the case.  ECF No. 125.  Plaintiff does not oppose.  ECF No. 128.  The court submitted the matter without oral argument.  ECF No. 129.

1   On August 17, 2021, defendants in *Wilson v. Beard et al*., Case No. 1:15-cv-01424 (E.D.

2   Cal.) moved to dismiss that case.  ECF No. 45.  The motion is unopposed.

3   On May 11, 2021, defendants in *Suarez v. Beard, et al*., Case No. 2:18-cv-00340 (E.D.

4   Cal.) moved to lift the stay and dismiss the action on grounds of qualified immunity.  ECF No.

5   114.  Plaintiff does not oppose the motion.  ECF No. 115.  The court submitted the matter without

6   oral arguments.  ECF No. 116.

7   The court lifts the stay in the four cases reviewed above and dismisses each plaintiff's

8   action against defendants on qualified immunity grounds given the Ninth Circuit's decision.

9   These cases are closed.

10   On September 9, 2021, the defendants in *Harris v. Sexton, et al*., Case No. 1:18-cv-00080

11   (E.D. Cal) filed an "administrative motion to lift stay."  ECF No. 73.  Plaintiff has not responded

12   to defendants' motion.  Good cause appearing, this motion is construed as a motion to reopen this

13   action.  Defendants' motion was not filed within thirty days of the Circuit's denial of the

14   rehearing petition.  Nonetheless, the court acknowledges an ambiguity in the March 31, 2021

15   order as to whether the thirty-day deadline applies to all possible motions or only to a motion to

16   extend the stay; the court grants this motion to lift the stay and reopen.  Within thirty days from

17   the date of this order defendants shall file, as appropriate, a dispositive motion or a motion for a

18   new scheduling order.  Any motion filed by defendants shall be briefed in accordance with the

19   provisions of Local Rule 230(m).

20   On May 7, 2021, the defendants in *Lipsey v. Norum et al*., Case No. 2:18-cv-00362 (E.D.

21   Cal.) moved to lift the stay and dismiss the action.  ECF No. 212.  Plaintiff opposed.  ECF No.

22   214.  Defendants replied.  ECF No. 215.  On May 7, 2021, defendants in *Rico v. Ducart et al*.,

23   Case No. 2:19-cv-01989 (E.D. Cal.) moved to lift the stay and dismiss that action.  ECF No. 42.

24   Plaintiff opposed.  ECF No. 44.  Defendants replied.  ECF No. 45.  The court submitted the

25   matter without oral argument.  ECF No. 46.

26   On appeal in *Rico*, the Ninth Circuit panel relied on the fact that defendants were

27   completing Guard One checks required by an order of this court.  *See Rico*, 980 F.3d at 1302.

28   Relatedly, this court has allowed Christopher Lipsey to intervene in the *Coleman* case to litigate

his claim "that the Guard one suicide prevention monitoring system 'causes sleep deprivation in violation of the Eighth Amendment to the United States Constitution.'"  Order (June 3, 2021), ECF No. 7191, at 2 (quoting Order (February 27, 2020) at 3, ECF No. 6487).  After consideration of the two actions in which plaintiffs have filed opposition to defendants' motions and the *Coleman* pleadings discussed above, and good cause appearing, *Lipsey v. Norum*, Case No. 2:18-cv-00362 (E.D. Cal.) and *Rico v. Ducart*, Case No. 2:19-cv-01989 (E.D. Cal.), will remain stayed pending this court's decision on the claim in intervention in *Coleman*.  Within thirty days from the date of this order defendants shall file, as appropriate, a dispositive motion or seek a new scheduling order.  Any motion filed by defendants shall be briefed in accordance with the provisions of Local Rule 230(m).

    For the reasons explained above, IT IS HEREBY ORDERED that:

1. The unopposed motions to lift the stays and dismiss the cases of *Matthews v. Holland et al.*, Case No. 1:14-cv-01959 (E.D. Cal.), ECF No. 86; *Rico v. Beard et al.*, Case No. 2:17-cv-1402 (E.D. Cal.), ECF No. 125; *Wilson v. Beard et al.*, Case No. 1:15-cv-01424 (E.D. Cal.), ECF No. 45; and *Suarez v. Beard, et al.*, Case No. 2:18-cv-00340 (E.D. Cal.), ECF No. 114, are **granted** on the grounds of qualified immunity.  The Clerk of the Court is directed to enter judgment in favor of defendants in each case.  These four cases are CLOSED.

2. The unopposed motion to lift the stay at ECF No. 73 in *Harris v. Sexton et al.*, Case No. 1:18-cv-00080 (E.D. Cal), is **granted**. Within thirty days from the date of this order defendants shall file, as appropriate, a dispositive motion or a motion for a new scheduling order.  Any motion filed by defendants shall be briefed in accordance with the provisions of Local Rule 230(m).

3. Defendants' May 7, 2021 motions to lift stay and dismiss in the cases of *Lipsey v. Norum, et al.*, Case No. 2:18-cv-00362 (E.D. Cal.), ECF No. 212, and *Rico v. Ducart, et al.*, Case No. 2:19-cv-01989 (E.D. Cal), ECF No. 42, are denied without prejudice.  These actions shall remain stayed pending resolution of plaintiff-intervenor Christopher Lipsey's claim in *Coleman v. Newsom*, Case No. 90-0520

1  KJM DB (E.D. Cal.).  Counsel for plaintiffs in these two cases shall inform

2  defendants in these cases within fourteen days of resolution of Lipsey's claim in

3  intervention in *Coleman* and, thereafter, defendants may file, within thirty days of

4  such notification, a dispositive motion or a motion for a new scheduling order.

5  DATED:  October 4, 2021.

7  CHIEF UNITED STATES DISTRICT JUDGE