UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVAN L. MATTHEWS, | No. 1:14-cv-1959 KJM DB P |
| Plaintiff, | ORDER |
| v. | |
| KIM HOLLAND, Warden, | |
| Defendant. | |

Plaintiff is a state prisoner proceeding pro se with a civil rights action under 42 U.S.C. § 1983. The court initially dismissed this action on the ground plaintiff's claims were barred by qualified immunity. *See* Dismissal, ECF No. 89, at 6. Judgment was entered the same day. *See* Judgment, ECF No. 90. The court then denied plaintiff's motion to alter or amend the judgment. *See* Alter or Amend, ECF No. 93, at 2. Plaintiff has now filed a motion for relief from judgment. *See* Mot., ECF No. 94.

Federal Rule of Civil Procedure 60(b) governs relief from orders and judgments of the district court. The Rule permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; . . . (3) fraud . . . by an opposing party, . . . or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). The motion for reconsideration must be made within a reasonable time. *Id.* Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only

1

where [there are] extraordinary circumstances." *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008).  The moving party "must demonstrate both injury and circumstances beyond his control . . . ." *Id.*  This district's local rules also require plaintiffs to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."  E.D. Cal. L.R. 230(j).  "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (emphasis in omitted).

The court finds plaintiff does not present any newly discovered evidence, argue the court has committed clear error or made an unjust decision or point to a change in controlling law.  *See generally* Mot.  Instead, plaintiff reasserts the facts of his case, already reviewed by this court.  But "[a] party seeking reconsideration must show more than a disagreement with the [c]ourt's decision, and recapitulation of that which was already considered by the [c]ourt in rendering its decision."  *United States v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001) (citations and quotations omitted).  The **court therefore denies this motion.**

This order resolves ECF No. 94.

IT IS SO ORDERED.

DATED:  September 29, 2023.

_____
CHIEF UNITED STATES DISTRICT JUDGE